IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BETH HAMILTON,<br><br>   Plaintiff,<br><br>v.<br><br>OGDEN WEBER TECHNICAL COLLEGE,<br><br>   Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:16-cv-00048-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). This case involves allegations that Plaintiff was exposed to a hostile work environment created by sexual harassment as well as allegations that Defendant Ogden Weber Technical College retaliated against Plaintiff when she complained about the sexual harassment. (ECF No. 13). Presently before the court is Plaintiff's Motion to Compel Discovery. (ECF No. 21). Defendant filed a short-form opposition. (ECF No. 22). Plaintiff filed a reply. (ECF No. 23). In response to an order from the court, Defendant filed a full-length opposition. (ECF No. 26). The court has reviewed the parties' briefing and issues this decision without hearing oral argument.

## II. ANALYSIS

### a. Summary of Argument

Plaintiff seeks documents related to complaints of sexual harassment made by any of Defendant's employees over the last ten years, and any investigative materials Defendants created as a result of those complaints. (ECF No. 21 at 2–4). Plaintiff also seeks communications to or from Roger Fletcher for the same ten-year period, as well as communications that "concern this litigation" from anyone related to Defendant, including its students. (ECF No. 21 at 4). Next,

Plaintiff seeks certain communications for the time period October 1, 2013, to the present that involved Plaintiff or certain members of the department in which Plaintiff worked. (*Id.* at 2, 4,) Finally, Plaintiff seeks her complete personnel file as well as Roger Fletcher's and Jennifer Streker's respective personnel files. (ECF No. 21 at 5–7.)

Defendant's short-form opposition sets forth its position on Plaintiff's arguments. (ECF No. 22.) Defendant argues that documents related to a decade of sexual harassment complaints and investigations are not sufficiently proportional to the needs of this case to warrant discovery. Defendant also argues that Plaintiff's requests for communications regarding Mr. Fletcher dating back ten years and communications regarding this litigation are not proportional to the needs of this case. Defendant also states that its retention policy only allows it to recover emails for a limited period. Defendant also claims this retention policy limits its ability to respond to Plaintiff's request for emails from October 1, 2013, to the present. Defendant claims it provided Plaintiff with a complete copy of her own personnel file, but argues that the other files Plaintiff seeks pertain to employees with no role in Plaintiff's termination. Defendant expands on its arguments in the full-length opposition memorandum the court requested. (ECF No. 26). Defendant's expanded arguments are addressed in the analysis below.

### b. Analysis of missing emails

Defendant must produce any requested emails responsive to the three requests below and the court will impose a sanction for spoliation for certain lost emails. Plaintiff seeks to compel responses to three requests related to emails:[1]

---

[1] The court discusses Plaintiff's request for litigation communications below. *Infra* Part II.c.2.

(1) "any group communications, including emails and other electronically stored information, concerning Business Technology Department sent from Jennifer Streker between October 1, 2013 to the present [and identify the recipient]." (ECF No. 21 at 2).

(2) "any communications, including emails and other electronically stored information, concerning Roger Fletcher sent to or from anyone in Defendant's Business Technology Department or Defendant's Human Resource Department . . . concerning complaints about Roger Fletcher's conduct, including but not limited to those communications which contain the following words or phrases: sexual, sexual harassment, harassing, harass, inappropriate, vulgar, tasteless, offensive, touch, touches, women, language, uncomfortable, near him, around him, workspace, work area, jokes." (*Id.* at 3).

(3) "any group communications, including emails and other electronically stored information, concerning Business Technology Department sent to Beth Hamilton between October 1, 2013 to the present." (*Id.* at 4).

Plaintiff contends her requests are appropriately limited, seek relevant information, and that Defendant had a duty to preserve the requested information once it received notice that Plaintiff intended to file a claim. (ECF No. 21 at 3). Plaintiff contends the EEOC notified Defendant to retain documents at the time Plaintiff filed her complaint with the EEOC. (*Id.*)

### 1. Defendant must provide all available responsive documents

As an initial matter, the materials sought are facially relevant. Defendant suggests that the request for materials related to complaints about Mr. Fletcher is disproportionate because their limited relevance does not outweigh the burden of production. The court rejects this argument for two reasons. First, the request may reveal information about Defendant's knowledge of this and possibly other similar incidents involving Mr. Fletcher. Such information is directly relevant

to Plaintiff's claims, particularly to whether Defendant adequately responded to Plaintiff's allegations. Second, Defendant offers no specific description of any burden in providing this material. (ECF No. 22 at 2; ECF No. 26 at 4–7). While all discovery imposes some burden, that burden is not sufficient to outweigh a request that is facially relevant. Accordingly, the court overrules Defendant's objection that this request is disproportionate.

With respect to the remaining two requests, Defendant does not appear to argue the materials sought are irrelevant. Instead, Defendant suggests that responsive materials may not exist, whether because they were lost or never created. (ECF No. 22). Accordingly, Defendant must produce any communications responsive to the three requests identified above that are in Defendant's possession, custody, or control. To the extent records do not exist, Defendant must make an appropriate certification. The court turns now to the issue of spoliation of certain responsive materials.

### 2. Defendant negligently destroyed emails dated from August 13, 2012, through approximately May 13, 2014.

Defendant wisely abandons its earlier position that it had no duty to preserve evidence until this lawsuit was filed. Defendant now concedes that it had a duty to preserve on August 13, 2014, when it received notice of Plaintiff's EEOC charge. (ECF No. 26 at 1). Defendant indicates it had a two-year retention schedule at that time. (*Id.* at 2). Accordingly, if the hold had been timely put in place, emails dating back to August 13, 2012, (almost one year before Defendant hired Plaintiff) would be available for discovery. Instead, the hold was put in place May 13, 2016. On that date, Defendant adhered to a two-year retention schedule. Consequently, only emails from May 13, 2014, through the present are available for discovery. Thus, emails from August 13, 2012, until May 12, 2014, were lost as a result of Defendant's negligence.

### 3. The loss of information prejudices Plaintiff

Defendant believes the loss of certain emails from the period identified does not prejudice Plaintiff. First, Defendant argues Plaintiff shares responsibility for any loss of emails sent to Plaintiff because Plaintiff herself had an opportunity to save them. In pertinent part, the court agrees with Defendant on this point. The court does not find that Plaintiff's equal access to information cures any prejudice to her stemming from the loss of email. Instead, the court finds it unjust to sanction Defendant for losing emails to which Plaintiff also had access. Accordingly, Defendant will not be sanctioned for any loss of emails addressed to Plaintiff, which she seeks in the third request described above.

Next, the court finds that Plaintiff is prejudiced by the loss of documents requested in the first and second requests identified above: emails related to Mr. Fletcher, and Business Technology emails exchanged following Plaintiff's initial harassment complaint. Such emails are relevant because they can reasonably be expected to contain information about possible retaliatory motive. Plaintiff reported Mr. Fletcher's alleged harassment to Ms. Streker in February 2014. (ECF No. 13 at 5). Any emails Ms. Streker sent out could show when Defendant learned of Plaintiff's complaint and how Ms. Streker initially reacted to it. Likewise, emails related to Mr. Fletcher could shed light on a number of issues, particularly Defendant's knowledge of the alleged harassment (or whether Mr. Fletcher previously engaged in similar conduct[2]) and Defendant's response to the allegations. Accordingly, Plaintiff is prejudiced by the loss of opportunity to discover this information. Additionally, there does not appear to be any alternative equivalent discovery that could restore or replace the lost data. The true extent of this

---

[2] Defendant claims that Plaintiff was the first to make a formal complaint about Mr. Fletcher. Even so, the emails could reveal additional informal complaints or discussions about Mr. Fletcher acting inappropriately.

prejudice is uncertain. Accordingly, the court finds the most appropriate sanction is one that allows the parties to argue the effect of the loss of this evidence to the fact finder.

Based on the spoliation of emails from August 13, 2012 through May 12, 2014, responsive to Plaintiffs first and second request described above, the court will allow both parties "to present evidence to the jury concerning the loss and likely relevance of [the lost emails related to the first two requests] and instruct[] the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision." Fed. R. Civ. P. 37, Advisory Committee Notes.

    c. **The court does not find Plaintiff's ten-year timeframe disproportionate, but finds her request seeking information related to this lawsuit facially overbroad**

        1. **Sexual harassment complaints and investigations**

Plaintiff seeks: "any and all documents related to complaint[s] of sexual harassment, inappropriate conduct of a sexual nature, [and] inappropriate . . . comments of a sexual nature made by any employee of the Defendant[] within the last 10 years." (ECF No. 21 at 2). Plaintiff also seeks any and all documents related to investigations and "actions taken in response" to such complaints over a ten-year period. (*Id.*)

Plaintiff has shown these materials are relevant. Plaintiff cites authority to support her position that the requested materials may be relevant to a claim of hostile work environment. Additionally, the court notes that Defendant's treatment of other complainants may be relevant to prove retaliatory motive. *See, e.g.*, *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1198 (10th Cir. 2015), *cert. denied,* 136 S. Ct. 1660, 194 L. Ed. 2d 767 (2016); Fed. R. Evid. 404(b)(2). Similarly, this information may provide Plaintiff with a basis to prove employer liability. *See Holmes v. Utah, Dep't of Workforce Servs.*, 483 F.3d 1057, 1064 (10th Cir. 2007). Thus, the material sought is relevant.

Further, Defendant fails to show that Plaintiff's request is disproportionate to the needs of this case. Plaintiff seeks all evidence of sexual harassment over a ten-year period. While this period is somewhat lengthy, Defendant does not describe any particular burden, let alone a burden severe enough to preclude discovery. (ECF No. 22 at 2; ECF No. 26 at 4–7). Instead, Defendant appears to rely largely on the relevance arguments the court has rejected. Thus, Defendant has not persuaded the court that Plaintiff's requests for information regarding sexual-harassment complaints and investigations dating back ten years are disproportionate.

### 2. Communications regarding this lawsuit

The court finds Plaintiff's request seeking all communications regarding this lawsuit overbroad on its face. Plaintiff seeks communications "sent to or from anyone at Ogden Weber Technical College, [whether] employees [or] students, that concern this litigation" also for ten-year period. While communications regarding this litigation are no doubt relevant, Plaintiff's request is overbroad in multiple respects. First, the length of Plaintiff's request is overbroad on its face because this litigation began on April 26, 2016. Second, limiting the timeframe does not cure the overbreadth because the request seeks any communication regardless of how tangentially related to this matter. Third, the request offers no exception for attorney-client communications no doubt caught in Plaintiff's wide net. Ordinarily, this might not present a problem. Yet here, even providing a privilege log responsive to this request is overly burdensome because Defendant would be forced to describe all communications with its attorneys. This is simply not warranted by the needs of this case. Fourth, this request seeks to compel Defendant to produce information from all students. This information is in the hands of third parties. Even assuming Defendant has the ability to review all student emails, the court will

not compel it to do so in the off chance that one of them mentioned this lawsuit. Thus, the request to compel this information will be denied for overbreadth.

### d. Defendant must produce Mr. Fletcher's and Ms. Streker's personnel files

Plaintiff seeks to compel "Roger Fletcher's personnel file and all other documents regarding [his] employment with Defendant[] . . . ." (ECF No. 21 at 6). Plaintiff also seeks to compel Jennifer Streker's personnel file. (ECF No. 21 at 7). Plaintiff cites *Equal Employment Opportunity Commission v. Kansas City Southern Railway* to support her argument. No. 99-2512, 2000 WL 33675756, at *3 (D. Kan. Oct. 2, 2000). That case states employment files of those who "engaged in the discrimination or harassment at issue or played an important role in the employment decision or incident that gives rise to the lawsuit . . . will be considered relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable." *Id.* Plaintiff alleges Mr. Fletcher harassed her. (ECF No. 13). Plaintiff alleges that she reported the harassment to Ms. Streker, who supervised Plaintiff and led the Business Technology Department. (*Id.*) Thus, Mr. Fletcher allegedly engaged in the harassment at issue and Ms. Streker played an important role in the incident.

Defendant contends the files at issue "have no connections to Hamilton's claims of sexual harassment and retaliation and are privileged." (ECF No. 26 at 8). Defendant offers no authority to support its position and does not attempt to distinguish the case Plaintiff cites. Likewise, Defendant does not cite any particular privilege, let alone show the employment files are in fact privileged. Thus, the personnel files are discoverable.

Nonetheless, like the District of Kansas, this court finds the materials at issue should be protected from unnecessary dissemination. Accordingly, Mr. Fletcher's and Ms. Streker's employment files shall be deemed confidential under the court's standard protective order. D.U.

Civ. R. 26-2. Plaintiff shall use them for no purpose other than this litigation. At the conclusion of this action and any related appeals, Plaintiff shall return to Defendant all copies of Mr. Fletcher's and Ms. Streker's employment files.

### 1. Defendant need not produce further information from Plaintiff's file

Finally, Plaintiff claims her own personnel file is incomplete because she did not receive copies of unsuccessful applications she submitted to Defendant for other jobs. (ECF No. 23 at 3; *see* ECF No. 21 at 5). Defendant concedes it did not furnish these items. Defendant claims it annually "purged" unsuccessful applicants' applications. (ECF No. 26 at 8). Defendant contends that Plaintiff has not adequately described the relevance of these materials. The court agrees. Plaintiff suggests the applications show she was in good standing and applied for other jobs. She does not, however, suggest that Defendant disputes that she applied for these jobs, nor does she explain how the application bears on her standing with Defendant. Moreover, the items do not now exist, and the court cannot compel what does not exist. Plaintiff does not identify any prejudice from the loss of this information, nor does she respond to Defendant's assertion that she is equally responsible for loss of this information because Plaintiff apparently also does not have a copy of her applications.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Compel Discovery is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 21.)

First, Defendant must produce any document in its possession, custody, or control, responsive to Plaintiff's three requests related to emails:

(1) "any group communications, including emails and other electronically stored information, concerning Business Technology Department sent from Jennifer Streker between October 1, 2013 to the present [and identify the recipient]." (ECF No. 21 at 2).

(2) "any communications, including emails and other electronically stored information, concerning Roger Fletcher sent to or from anyone in Defendant's Business Technology Department or Defendant's Human Resource Department . . . concerning complaints about Roger Fletcher's conduct, including but not limited to those communications which contain the following words or phrases: sexual, sexual harassment, harassing, harass, inappropriate, vulgar, tasteless, offensive, touch, touches, women, language, uncomfortable, near him, around him, workspace, work area, jokes." (*Id.* at 3).

(3) "any group communications, including emails and other electronically stored information, concerning Business Technology Department sent to Beth Hamilton between October 1, 2013 to the present." (*Id.* at 4).

Additionally, as a spoliation sanction, the court will allow both parties "to present evidence to the jury concerning the loss and likely relevance of [any lost emails related to the first two requests identified above] and instruct[] the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision." Fed. R. Civ. P. 37, Advisory Committee Notes. Any such arguments may only relate to items lost during the time period beginning August 13, 2012, and ending May 12, 2014.

Next, Defendant must provide:

(4) "any and all documents related to complaint[s] of sexual harassment, inappropriate conduct of a sexual nature, [and] inappropriate . . . comments of a sexual nature made by any employee of the Defendant[] within the last 10 years." (ECF No. 21 at 2); and

(5) any and all documents related to investigations and "actions taken in response" to such complaints over a ten-year period. (*Id.*)

Finally, Defendant must turn over Mr. Fletcher's and Ms. Streker's employment files, but those files shall be deemed confidential. Plaintiff shall use them for no purpose other than this litigation. At the conclusion of this action and any related appeals, Plaintiff shall return to Defendant all copies of Mr. Fletcher's and Ms. Streker's employment files.

The remaining requests in Plaintiff's motion are denied for the reasons stated.

IT IS SO ORDERED.

Dated this 20th day of November, 2017.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge