IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BETH SCOTT,<br><br>        Plaintiff,<br><br>v.<br><br>OGDEN WEBER APPLIED TECHNICAL COLLEGE,<br><br>        Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:16-cv-00048-JNP-DBP<br><br>Judge Jill N. Parrish |

Defendant Ogden Weber Applied Technical College (the College) moved for summary judgment on plaintiff Beth Scott's claims for a hostile work environment and retaliation. [Docket 34.] Magistrate Judge Pead issued a Report and Recommendation that this court grant the College's motion. [Docket 43].

Scott filed a number of objections to the Report and Recommendation. Because the defendant filed an objection, the court "must determine de novo" whether its objections have merit. FED. R. CIV. P. 72(b)(3).

## I.    GENERAL OBJECTIONS

Scott first argues that the Report and Recommendation incorrectly assumed that she knew that she would no longer be covering for two of the instructors that worked at the College. She also asserts that Judge Pead erroneously concluded that newly hired individuals would only work in the Business Technology department. But she fails to explain how these allegedly erroneous

assumptions undermine Judge Pead's conclusions. Absent any argument as to how these facts relate to her claims, the court overrules these objections.

Scott next objects that Judge Pead did not rule on her objections to several affidavits. But she does not present any argument as to why her objections should be sustained. She merely states that parts of the affidavits were false. Attacking the substance of the affidavits is not a proper evidentiary objection.

Scott also objects that the Report and Recommendation does not mention the fact that Judge Pead had previously sanctioned the College for failing to retain emails. It appears that she is referencing an argument that she made in her response to the summary judgment motion. In that document she argued that the court should take into account Judge Pead's sanction when determining whether the College is entitled to summary judgment. *See Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) ("[A]t the margin, where the innocent party has produced some (not insubstantial) evidence in support of his claim, the intentional destruction of relevant evidence by the opposing party may push a claim that might not otherwise survive summary judgment over the line."). But Judge Pead did not find that the College intentionally destroyed the emails or that it did so in bad faith. He found that the College negligently allowed the emails to be deleted. [Docket 27 at 4.] Absent a finding of bad faith, Scott is not entitled to a presumption that lost evidence would support her claims:

> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have.

2

*Equal Employment Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 966 (10th Cir. 2017) (quoting FED. R. CIV. P. 37 (Advisory Committee Note to Subdivision (e)(2) (2015 Amendment)). Accordingly, Judge Pead's sanction for negligent spoliation cannot be used to push a claim that might not otherwise survive summary judgment over the line to a jury trial.

Scott further objects that she did not receive copies of this court's standing order or Judge Pead's January 10, 2018 order on her motion for contempt. But Scott does not argue how she was prejudiced by this omission. The standing order, in pertinent part, merely repeats the requirement of Rule 56 that the nonmoving party cite record evidence showing that a fact is disputed. Scott is already charged with knowledge of the Federal Rules of Civil Procedure. Scott, likewise, does not state how the discovery order affected the summary judgment proceedings. Absent a showing of prejudice, the court overrules this objection as well.

## II. OBJECTIONS RELEVANT TO THE HOSTILE WORK ENVIRONMENT CLAIM

Scott objects on the grounds that the issue of whether a work environment is hostile is generally an issue for trial. She also objects to Report and Recommendation's characterization that she was subjected to "limited incidents of unwelcome touching." Finally, she takes issue with Judge Pead's conclusion that she did not subjectively perceive her work environment to be hostile. The court interprets these objections as directed to Judge Pead's conclusion that Scott's work environment was not hostile enough to give rise to a viable sexual harassment claim. The court, therefore, reviews this portion of the Report and Recommendation de novo.

A "plaintiff must make a showing that the environment was both objectively and subjectively hostile." *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998). The court agrees with Scott's objection to the Report and Recommendation's conclusion that Scott did not subjectively find her work environment to be hostile. In support of this

conclusion, the report cites an email that Scott wrote to four individuals in the Custom Fit department of the College. She stated in the email that she "absolutely LOVED" working with each of them. The court agrees with Scott that this email suggests only that she had a positive work experience with these four individuals. It does not conclusively establish that she perceived her work environment in a different department in a similarly positive light. The court concludes, therefore, that the College is not entitled to summary judgment on the issue of whether Scott subjectively perceived her work environment to be hostile.

The court, therefore, must determine whether summary judgment was appropriate on the issue of whether Scott's working environment was objectively hostile. The evidence from her deposition testimony shows that she was subjected to unwelcome touching by her co-worker, Robert Fletcher on several occasions. One time, Fletcher grabbed and squeezed Scott's shoulder while they were talking about her schedule. He also leaned over too close to her when the two of them were seated next to each other to go over a paper together. On three occasions, Fletcher also rubbed his hand on Scott's back or rubbed her shoulder when he came to check on her while she was helping a student in the classroom.

"In order for a hostile work environment sexual harassment claim to withstand judgment as a matter of law, a plaintiff must show that a rational jury could find that 'the workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."'" *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and

conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted).

The court agrees with Judge Pead that the evidence does not support a conclusion that Scott was subjected to a hostile working environment. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 665–66 (10th Cir. 2012) (holding that there was no hostile working environment where a doctor hit a nurse on the head twice, threw pericardium tissue removed from a patient at her, yelled at her, and demeaned her work). Fletcher's actions were inappropriate, but they were neither frequent enough nor severe enough to give rise to a hostile work environment claim. Because the undisputed evidence shows that Scott's work environment was not objectively hostile, the court adopts Judge Pead's recommendation to grant summary judgment on the hostile work environment claim.

### III. OBJECTIONS RELEVANT TO THE RETALIATION CLAIM

Scott also raises a number of objections to the Report and Recommendation's conclusion that summary judgment is appropriate on the retaliation claim. First, she argues that Judge Pead erroneously relied upon her email to the Custom Fit department in which she stated that she would no longer be able to work for the College because she had taken another job. She states that she sent another email to the Custom Fit department about a week later in which she rescinded her earlier email because her new job fell through. Scott, however, cites no record evidence to support this assertion. Nor did she cite evidence of this second email in her opposition to the motion for summary judgment. Absent a citation to any evidence, the court will not consider this additional factual assertion. *See* FED. R. CIV. P. 56(e) (a court may consider a fact undisputed "[i]f a party . . . fails to properly address another party's assertion as required by Rule 56(c)" by citing record evidence).

Second, she states that she did not send an email to Jennifer Streker to confirm her employment status because Streker was not responding to her emails. But Scott cites no record evidence to support this assertion. Scott briefly asserts that Streker did not respond to emails around March 2014 in the Statement of Additional Facts sections of her response to the College's summary judgment motion, but the citations to the record do not relate to unanswered emails. Absent any record evidence to support Scott's factual assertion, the court may not consider her claim that Streker did not respond to emails.

Third, Scott responds to the Report and Recommendation's reliance upon the fact that she allowed her work computer password to expire by asserting that she could only change her password by going to the campus and that she did not do so because she did not feel welcome there. Once again, Scott does not cite any record evidence, either in her objection or in her response to the motion for summary judgment, to support her factual assertions. Moreover, simply asserting that she did not feel welcome at the campus is not enough. Scott would have to cite record evidence showing what her supervisors did to communicate to her that she was unwelcome. She failed to do so.

Fourth, Scott objects to Judge Pead's statement that "Plaintiff fails to establish how being left off group emails constitutes an adverse employment action." Scott appears to argue that if the College had not negligently allowed emails to be deleted, she would have discovered group emails that would have demonstrated that exclusion was an adverse action. But as the court noted above, Scott is not entitled to a presumption that she would have discovered evidence to support her claims in the deleted emails.

Finally, Scott argues, without elaboration, that Judge Pead improperly weighed the evidence. This argument, however, is so general that it is impossible to tell precisely what Scott's

objection is. Having reviewed Judge Pead's recommendation to grant summary judgment on the retaliation claim, the court concludes that his recommendation is sound. The court, therefore, adopts Judge Pead's recommendation to grant summary judgement on this claim.

## CONCLUSION AND ORDER

1) The court overrules Scott's objections and adopts Jude Pead's Report and Recommendation in full.

2) The court GRANTS the College's motion for summary judgment. [Docket 34.]

3) The court DENIES AS MOOT Scott's motion for contempt. [Docket 37.]

SO ORDERED September 28, 2018.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge